UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM ALEXANDER,<br><br>                          Plaintiff,<br>v.<br><br>BANK OF AMERICA,<br><br>                          Defendant. | Case No.: 24-cv-00950-JAH<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITHOUT PREJUDICE; AND**<br><br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS.** |

      On May 30, 2024, Plaintiff Liam Alexander ("Plaintiff") filed a complaint against Defendant Bank of America ("Defendant") alleging that Defendant breached a contract and "stole the Plaintiff[']s personal and corporate bank accounts[.]" ECF No. 1 ("Complaint" or "Compl."). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2 ("Motion").

      When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review and mandatory dismissal if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii)

fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (§ 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzeke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Here, Plaintiff fails to state a claim because the Complaint lacks a cognizable legal theory and fails to plead essential facts. The entirety of the Complaint rests upon Plaintiff's assertion that Defendant breached an unidentified contract, "stole the Plaintiff[']s personal and corporate bank accounts," and "caused Plaintiff to be hospitalized." Compl. at 4. However, Plaintiff fails to include any additional facts or details regarding his allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Without more, the Court finds that Plaintiff fails to state a claim and his Complaint must be dismissed under Rule 12(b)(6). Accordingly, because Plaintiff fails to state a claim, the Court **DENIES** Plaintiff's Motion to proceed IFP.

///

///

**CONCLUSION AND ORDER**

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. The Complaint as to Defendant **DISMISSED without prejudice**; and

2. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 20, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE